# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARLENE M. CAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-0838-CV-W-DW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 5). Defendant seeks to dismiss the Complaint *with prejudice* for failure to state a claim for which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to Defendant's motion, but has responded to the Court's Order to Show Cause (Doc. 9). For the following reasons, the Court grants the motion to dismiss.

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l, 286 F.3d 488, 489 (8th Cir. 2002). A court may dismiss a complaint for failure the state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71 (1984); Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999). At the very least, the complaint must contain facts stating a claim as a matter of law and must not be conclusory. See Frey v. City of Herculaneum, 44, F.3d 667, 671 (8th Cir. 1995).

Plaintiff's alleges a cause of action for damages arising out of fall at a postal facility located on Pershing Rd. in Kansas City, Missouri. Plaintiff's putative claim arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), and 2671 - 2680. Under the FTCA, the law to be

applied is the law of the state where the acts or omissions giving rise to the plaintiff's claims occurred. Richards v. United States, 369 U.S. 1, 11 (1962).

Under Missouri law, an owner of land generally does not have a duty to protect invitees against conditions that are open and obvious as a matter of law. Peterson v. Summit Fitness, Inc., 920 S.W.2d 928, 933 (Mo. App.1996). However, a landowner is liable for injuries to an invitee caused by a condition on the land if the landowner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Harris v. Niehaus, 857 S.W.2d 222, 225-226 (Mo. banc 1993).

In her Petition, Plaintiff does not allege facts identifying a dangerous condition on the property that the Postal Service knew or should have known existed. Plaintiff merely states that "[she] slipped and fell on the steps at the far right of the multiple stairs and injured [her] right arm." (Def. Notice of Removal, Ex. B.) In her response to the Court's Order to Show Cause, Plaintiff failed to allege any additional facts in support of her claim. As pleaded, the Plaintiff's Petition does not state a cause of action for which relief can be granted. Accordingly, the Court dismisses the above-captioned cause of action *with prejudice* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

                                                             _____/s/ Dean Whipple_____
                                                                    Dean Whipple
                                                              United States District Court

Date January 5, 2006